## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**FRED J. LEBLANC, JR.**                                    **CIVIL ACTION**

**versus**                                                      **NO. 05-4058**

**N. BURL CAIN, WARDEN**                          **SECTION: "S" (1)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Fred J. LeBlanc, Jr., is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On February 16, 2000, he was convicted of aggravated rape upon a female under the age of 12 in violation of La.Rev.Stat.Ann. § 14:42.[2]  On March 3, 2000, he was sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence, with credit for time served.[3]  On May 31, 2001, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence.[4]  He then filed with the Louisiana Supreme Court an application for a writ of certiorari[5] which was denied on May 24, 2002.[6]

On October 21, 2002, petitioner filed with the state district court an application for post-conviction relief.[7]  On November 5, 2002, that application was denied because he had not used the required uniform application.[8]  He then filed with the Louisiana Fifth Circuit Court of Appeal

---

[2] State Rec., Vol. VI of XI, transcript of February 16, 2000, p. 129; State Rec., Vol. I of XI, minute entry dated February 16, 2000; State Rec., Vol. I of XI, jury verdict form.

[3] State Rec., Vol. VI of XI, transcript of March 3, 2003, p. 6; State Rec., Vol. II of XI, minute entry dated March 3, 2000.

[4] State v. LeBlanc, 788 So.2d 1255 (La. App. 5th Cir. 2001) (No. 00-KA-1322); State Rec., Vol. II of XI.

[5] State Rec., Vol. VII of XI.

[6] State v. LeBlanc, 816 So.2d 299 (La. 2002) (No. 2001-K-1920); State Rec., Vol. II of XI.

[7] State Rec., Vol. II of XI.

[8] State Rec., Vol. II of XI, Order dated November 5, 2002.

- 2 -

an application for a supervisory writ of review[9] which was denied on December 13, 2002.[10] He next

filed with the Louisiana Supreme Court an application for a supervisory writ[11] which was denied on

February 13, 2004.[12]

On January 27, 2003, petitioner filed with the state district court a second post-

conviction application.[13] That application was denied on January 29, 2003.[14] He then filed with the

Louisiana Fifth Circuit Court of Appeal an application for a writ of certiorari or review[15] which was

denied on March 12, 2003.[16] He next filed with the Louisiana Supreme Court an application for a

supervisory writ[17] which was denied on February 13, 2004.[18]

---

[9] State Rec., Vol. IX of XI.

[10] State _ex rel._ LeBlanc v. Cain, No. 02-KH-1226 (La. App. 5th Cir. Dec. 13, 2002) (unpublished); State Rec., Vol. II of XI.

[11] State Rec., Vol. IX of XI.

[12] State _ex rel._ LeBlanc v. State, 867 So.2d 678 (La. 2004) (No. 2003-KH-0271); State Rec., Vol. II of XI.

[13] State Rec., Vol. II of XI.

[14] State Rec., Vol. II of XI, Order dated January 29, 2003.

[15] State Rec., Vol. X of XI.

[16] State _ex rel._ LeBlanc v. Cain, 03-KH-293 (La. App. 5th Cir. Mar. 12, 2003) (unpublished); State Rec., Vol. II of XI.

[17] State Rec., Vol. X of XI.

[18] State _ex rel._ LeBlanc v. State, 867 So.2d 684 (La. 2004) (No. 2003-KH-0960); State Rec., Vol. II of XI.

On March 19, 2004, petitioner filed with the state district court a third post-conviction application asserting numerous claims.[19]  On March 23, 2004, the trial court ordered him to state his reasons for failing to include those claims in his previous post-conviction applications.[20]  Petitioner filed his written reasons on April 7, 2004;[21] however, the trial court found the reasons inadequate and denied the application.[22]  He then filed with the Louisiana Fifth Circuit Court of Appeal an application for a supervisory writ of review[23] which was denied on May 19, 2004.[24]  He next filed with the Louisiana Supreme Court an application for a writ of certiorari or review[25] which was denied on April 22, 2005.[26]

On July 28, 2005, petitioner filed this federal application for *habeas corpus* relief,[27] which the state concedes was timely filed.[28]  In support of his application, petitioner claims:

---

[19]  State Rec., Vol. III of XI.

[20]  State Rec., Vol. III of XI, Order dated March 23, 2004.

[21]  State Rec., Vol. III of XI.

[22]  State Rec., Vol. III of XI, Order dated April 14, 2004.

[23]  State Rec., Vol. XI of XI.

[24]  State v. LeBlanc, No. 04-KH-558 (La. App. 5th Cir. May 19, 2004) (unpublished); State Rec., Vol. XI of XI.

[25]  State Rec., Vol. XI of XI.

[26]  State *ex rel.* LeBlanc v. State, 899 So.2d 563 (La. 2005) (No. 2004-KH-1535); State Rec., Vol. III of XI.

[27]  Rec. Doc. 1.

[28]  Rec. Doc. 5, pp. 12-14.  The state does argue, however, that petitioner failed to exhaust his state court remedies.  In that petitioner's claims are procedurally barred for the reasons set forth in

1.      Petitioner's trial counsel was ineffective in failing to:

        a.      fully investigate petitioner's case;

        b.      file supervisory writs in a timely manner that would have resulted in the exclusion of "other crimes evidence" from trial;

        c.      seek supervisory writs prior to trial concerning the trial court's ruling on the search warrant;

        d.      request a final ruling based on a pretrial in limine ruling as to the relevancy of evidence seized by search warrant and allowed en globo viewing of evidence by the jury;

        e.      challenge the legality, as well as the competency, of the videotaped interview produced at the Children's Advocacy Center;

        f.      challenge the perjured testimony of a state witness;

---

this opinion, the Court need not reach that alternative basis for dismissal.  Even where there is an exhaustion problem, federal law "allows a federal court, in its discretion, to *deny habeas relief* on the merits, regardless of whether the applicant has exhausted state remedies" and whether exhaustion is waived by the state.  Jones v. Jones, 163 F.3d 285, 299 (5th Cir. 1998) (emphasis in original); 28 U.S.C. § 2254(b)(2).

g.    request "limiting instructions" as related "other crimes evidence";

h.    object to misleading supplemental jury instructions;

i.    obtain <u>Brady</u> material that was known to exist;

j.    challenge venue and jurisdiction;

k.    make a motion for a directed verdict of not guilty or a post conviction verdict of acquittal;

l.    file a formal motion concerning the court's voir dire rulings; and

m.    object to numerous instances of prosecutorial misconduct during the trial;

2.    Petitioner's appellate counsel was ineffective in failing to:

a.    properly address the issue of sufficiency of the evidence;

b.    challenge the search warrant and related suppression hearings;

c.    make effective arguments during direct appeal relative to "other crimes evidence";

d.    raise the issue of prosecutorial misconduct;

e.      raise the improprieties during voir dire;

f.      challenge venue, jurisdiction, and due process

        and equal protection violations;

g.      allege that trial counsel was ineffective; and

h.      address the issue of perjury by a state witness;

        and

3.      The trial court exceeded its jurisdiction.

<u>Facts</u>

On direct appeal, the Louisiana Fifth Circuit Court of Appeal summarized the facts

of this case as follows:

> Jocelyn Nunez (Nunez), the great aunt of the victim, J.S., started living with J.S. beginning in late January of 1998. As a result of caring for J.S., she noted a "very heavy discharge" in J.S.'s underwear. Although she was concerned, Nunez initially was not acquainted with the Defendant and, therefore, had no reason to associate him with J.S.'s unusual physical manifestation. Nunez first came to know the Defendant when he telephoned her and asked "how [J.S.] was." The Defendant spoke to J.S. on the phone in Nunez's presence and Nunez noticed that the conversation appeared to greatly upset J.S., causing her to cry. Following the phone call, after an indeterminate amount of time, the Defendant came to Nunez's home with J.S.'s father, Nunez's nephew. J.S. gave her father a kiss, prompting the Defendant to ask, "Where is my hug and kiss?" Nunez was suspicious and thought that this was odd. One day, while J.S. was crying uncontrollably, Nunez asked her what was wrong. At that point, J.S. started telling her that the Defendant had "licked her, he put his thing in her, he's touched her bust  ... and she's had intercourse with him."  Nunez and her husband immediately contacted the police.
>
> On July 14, 1998, Detective Chad Jacquet of the Kenner Police Department received a complaint regarding alleged molestation of a juvenile by the Defendant. As a result, Detective

Jacquet monitored an interview of J.S., which was set up at the Children's Advocacy Center pursuant to Jefferson Parish Sexual Assault Protocol.

J.S. stated that she had first become acquainted with the Defendant through her father, who had told her that the Defendant was her uncle. The Defendant babysat for J.S. while her father was working offshore and her mother was out socializing in "bars." Over a period of years, the babysitting took place at the Defendant's trailer, at an apartment, and in a home. J.S. stated that from the time she was four years old, the Defendant forced her to submit to a variety of sex acts, including fondling, oral sex, anal sex, and vaginal sex. [FN1] The Defendant also had J.S. perform oral sex on him, had her view pornographic videotapes and magazines and allegedly made video recordings of the sex acts which he performed upon her. [FN2] The Defendant repeatedly told her not to tell anyone.

> [FN1] At trial J.S. described that sometimes, while they were watching television at the trailer, the Defendant would tell her to undress. She would comply, which would lead to the Defendant rubbing her "private" with his hands. He would also lick her "private," rub her "boobs," and tell her not to tell anyone. In the bedroom of the trailer he would "take his private and put it in mine." This he did "a lot." Sometimes "juice would come out" and go "in her private." He would also put his private in her mouth and make her [perform oral sex]. This too was done "a lot." He tried to put his "private" in her "behind" twice but it only went in a little.

> [FN2] Tapes showing J.S. and the Defendant engaged in the sexual acts were not recovered.

Based on the interview, an arrest warrant was obtained for the Defendant and a search warrant was obtained for his trailer. Pursuant to the search warrant, video equipment, photographs, and cameras were seized.

The Defendant made a statement to Detective Jacquet that he had babysat for J.S. on occasion for brief periods of time. On one occasion, the Defendant stated that J.S. "jumped on his lap and imitated having sex with him." The Defendant stated that he

promptly reported this behavior to J.S.'s parents and was told by them that J.S. had observed them engaged in sexual intercourse.[29]

<u>Procedural Bar</u>

The state argues that petitioner's claims are procedurally barred.  The United States Fifth Circuit Court of Appeals has concisely set forth the standards to be used when analyzing whether a claim is procedurally barred:

> A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision.  To satisfy the "independent" and "adequate" requirements, the dismissal must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims.  This rule applies to state court judgments on both substantive and procedural grounds.  Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground.

<u>Finley v. Johnson</u>, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted).  "When the state court has relied on an independent and adequate state procedural rule, federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."  <u>Hughes v. Johnson</u>, 191 F.3d 607, 614 (5th Cir. 1999).

The state is correct in its contention that petitioner's ineffective assistance of counsel claims were rejected by the state courts on procedural grounds.  Those claims were asserted in

---

[29] <u>State v. LeBlanc</u>, 788 So.2d 1255, 1256-57 (La. App. 5th Cir. 2001) (No. 00-KA-1322) ; State Rec., Vol. II of XI.

petitioner's third state post-conviction application.  After reviewing that application, the state district

court noted:

> In his current application for post-conviction relief, the defendant sets forth numerous claims for ineffective assistance of trial and appellate counsels.
>
> Those issues were present to the defendant at the time the defendant filed the first and second *pro se* applications for post-conviction relief.  The instant filing is a successive application pursuant to La. C.Cr.P. article 930.4.  Nevertheless, this Court orders the defendant to state reasons for his failure pursuant to La C.Cr.P. Art. 930.4(F).[30]

Petitioner then filed written reasons as ordered, stating:

> Petitioner contends that in order for him to seek federal habeas corpus relief from his underlying state court criminal conviction and sentence, he must first present his claims, which he believes will entitle him to relief, to the state court in order to present them with a fair opportunity to address Petitioner's constitutional issues.  If Petitioner fails to afford the state court this opportunity, then the claims are not considered as being properly presented to the federal courts on an petition for federal habeas corpus review.
>
> Petitioner does admit that he has filed successive applications for state post-conviction relief.  Petitioner respectfully asks that this Honorable Court give Petitioner reasonable latitude in presenting the instant claims in light of the fact that Petitioner is not a learned person of the law.  See, U.S. v. Sanchez, 88 F.3d 1243 (D.C. Cir. 1996) (citing, Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed.2d 1037 (1941) "rules of procedure to not require sacrifice of the rules of fundamental justice.").[31]

The trial court found those reasons insufficient, holding:

> The record indicates that defendant filed a pro se successive application for post conviction relief with this Court on March 19,

---

[30]  State Rec., Vol. III of XI, Order dated March 23, 2004.

[31]  State Rec., Vol. III of XI.

2004.  In this application, the defendant set forth numerous claims for ineffective assistance of trial and appellate counsels.  On March 23, 2004, this Court denied the relief sought by the defendant's PCR and ordered the defendant to give the reasons for his failure to include (in his initial PCRs) these current claims being brought before the court at that time.  In what is titled "Written Reasons", defendant's current motion fails to adequately state his reasons for raising new issues in his second post conviction relief application.  Instead, he proceeds to introduce completely new issues (regarding federal habeas corpus) not before raised in his prior applications.  More importantly, the defendant failed to comply with this Court's prior order to give <u>adequate reasons</u> why new issues were raised in his March 19, 2004 PCR.  Thus, this Court must deny the defendant's current application.[32]

The Louisiana Fifth Circuit Court of Appeal then found "no error" in that ruling,[33] and the Louisiana Supreme Court denied a related writ application without assigning reasons.[34]

The state court's decision was clearly based on La.C.Cr.P. art. 930.4(E), which provides:  "A successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application."  Because the state court invoked a state procedural rule obviously independent of the merits of any federal claim, this Court need only address whether that rule is "adequate."  "The [procedural bar] doctrine presumes that a state procedural ground is adequate ... and, ordinarily, the burden is on the habeas petitioner to demonstrate otherwise."  <u>Hughes</u>, 191 F.3d at 614.  In order to establish that a state procedural rule is not "adequate," a

---

[32]  State Rec., Vol. III of XI, Order dated April 14, 2004.

[33]  <u>State v. LeBlanc</u>, No. 04-KH-558 (La. App. 5th Cir. May 19, 2004) (unpublished); State Rec., Vol. XI of XI.

[34]  <u>State ex rel. LeBlanc v. State</u>, 899 So.2d 563 (La. 2005) (No. 2004-KH-1535); State Rec., Vol. III of XI.

petitioner bears the burden of showing that the state did not strictly or regularly follow the procedural rule around the time it was applied.  Stokes v. Anderson, 123 F.3d 858, 860 (5th Cir. 1997).  Here, petitioner clearly has not met his burden, in that he makes no attempt whatsoever to establish that the procedural rule was not strictly or regularly followed.

As previously noted, "[w]hen the state court has relied on an independent and adequate state procedural rule, federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."  Hughes, 191 F.3d at 614.  In the instant case, petitioner demonstrates neither.

"To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him."  Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted) (emphasis in original).  Objective factors that can constitute cause include interference by officials that makes compliance with the state procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel, and ineffective assistance of counsel.  Romero v. Collins, 961 F.2d 1181, 1183 (5th Cir. 1992).

Petitioner has made no effort in this federal proceeding to establish cause for his procedural default.  Moreover, when given the opportunity by the state court to give reasons as to why his claims should not be considered defaulted, petitioner offered no explanation other than that he "is not a learned person of the law."[35]  Even if this Court takes into account that explanation, it

---

[35] State Rec., Vol. III of XI, Written Reasons, p. 1.

is clear that neither a prisoner's *pro se* status nor his ignorance of the law constitutes "cause" so as to overcome a procedural default.  <u>See, e.g.,</u> <u>McCowin v. Scott</u>, 67 F.3d 100, 102 (5th Cir. 1995); <u>United States v. Flores</u>, 981 F.2d 231, 236 (5th Cir. 1993); <u>Saahir v. Collins</u>, 956 F.2d 115, 118 (5th Cir. 1992).  Because petitioner has not shown cause, "it is not necessary for the court to consider whether there is actual prejudice."  <u>Martin v. Maxey</u>, 98 F.3d 844, 849 (5th Cir. 1996).

In light of the foregoing, petitioner's ineffective assistance of counsel claims are procedurally barred unless the application of the bar will result in a fundamental miscarriage of justice.  In order to establish a "fundamental miscarriage of justice," a petitioner must "make a persuasive showing that he is actually innocent of the charges against him.  Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted."  <u>Finley v. Johnson</u>, 243 F.3d 215, 220 (5th Cir. 2001) (citations omitted). The United States Fifth Circuit Court of Appeals has held:

> To demonstrate actual innocence, it is necessary that the petitioner show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt ... in light of all of the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongfully excluded or to have become available only after trial.

<u>Lucas v. Johnson</u>, 132 F.3d 1069, 1077 (5th Cir. 1998) (quotation marks and citations omitted).

Applying that standard, and considering the overwhelming evidence of petitioner's guilt in this case, the Court finds that petitioner cannot make a persuasive showing that he is actually innocent of the charges against him.  Therefore, he cannot demonstrate that any miscarriage of justice will result

from application of the procedural bar.  Accordingly, petitioner's ineffective assistance of counsel

claims are procedurally barred in this federal proceeding.[36]

_____

[36]  Out of an abundance of caution, the Court notes that the one ineffective assistance of counsel claim which even arguably would not be procedurally barred has no merit in any event.  As noted, the state district court rejected petitioner's ineffective assistance of counsel claims asserted in his third state post-conviction application on the ground that they were defaulted because they had not been presented in his earlier state post-conviction applications.  However, one of those claims, i.e. that petitioner's trial counsel was ineffective in failing to challenge the admissibility of the victim's videotaped statement, was in fact included in his second application but apparently overlooked by the court. Arguably, therefore, the procedural bar should not apply to that claim.  Nevertheless, for the following reasons, even if that claim is not procedurally barred, it has no merit.

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel.  A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense.  See id. at 697.  If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong.  Id.

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment.  See Styron v. Johnson, 262 F.3d 438, 450 (5th Cir. 2001).  "Counsel's performance is deficient if it falls below an objective standard of reasonableness." Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998).  Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation.  See Crockett v. McCotter, 796 F.2d 787, 791 (5th Cir. 1986); Mattheson v. King, 751 F.2d 1432, 1441 (5th Cir. 1985).

In order to prove prejudice with respect to trial counsel, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome."  Id.

In cases such as the instant one, Louisiana law provides for the videotaping of the victim's statement if (1) the recording is voluntary, (2) no leading questions are asked, (3) no relative of the victim is present in the room in which the recording is made, (4) the recording is accurate, and (5) the taking of the statement is supervised by a law enforcement officer or another person as designated by statute.  See La.Rev.Stat.Ann. § 15:440.4.  That videotape is then admissible at trial if (1) no attorney for either party was present when the recording was made, (2) the recording is both visual and oral, (3) the recording is accurate, (4) the questions were not leading, (5) the voices on the recording are identified, (6) the person conducting or supervising the interview is available to testify at trial, (7)  the defendant or his attorney had an opportunity to review the recording prior to its being offered into evidence, and (8) the victim is available to testify.  See La.Rev.Stat.Ann. § 15:440.5.

In the instant case, the victim consented to the videotaped interview.  State Rec., Vol. V of

Petitioner's final claim, i.e. that the trial court exceeded its jurisdiction, is likewise

procedurally barred.  That claim was raised in petitioner's second state post-conviction application.[37]

In the last reasoned state court opinion addressing that application, the state district court held:  "The

defendant's claims are an [sic] appealable issues and he is, thus, procedurally barred from raising

---

XI, transcript of February 15, 2000, p. 117-18.  No leading questions were asked.  Id. at 118.  No
one was present in the room during the taping of the interview other than the interviewer and the
victim.  Id. at 50, 117.  The resulting tape was accurate and unaltered.  Id. at 118 and 120.  Both the
interviewer and the supervisor were law enforcement officers.  Id. at 48, 50, 110, 118-19.  No
attorney for any party was present during the interview.  Id. at 119.  The recording was both visual
and oral.  Id.  All voices on the tape were identified.  Id.  The interviewer, supervisor, and victim all
testified at trial.  Id. at 48-79 and 110-60.  There is no suggestion that the tape was not made
available to the defense.

Moreover, to the extent that petitioner is perhaps contending that there was no court order
pursuant to La.Rev.Stat.Ann. § 15:440.2 authorizing the videotaping, such an order, while available,
is not required for the tape to be admissible.  State v. Guidroz, 498 So.2d 108, 110 (La. App. 5th Cir.
1986).  Likewise, to the extent that petitioner is contending that the supervisor or interviewer had
no training or certification as required for some persons in La.Rev.Stat.Ann. § 15:440.4, the training
and certification requirements do not apply to law enforcement officers, as were used in this case.
Id.  The other numerous provisions cited by petitioner with respect to this claim are simply
inapplicable here.  Those provisions, which are applicable when the videotaping arises in other
contexts, appear to have no bearing in this context and in no way affected the admissibility of the
instant videotape.

In light of the foregoing, the videotape was clearly admissible at trial.  Therefore, counsel
did not perform deficiently in failing to make a frivolous challenge to its admissibility.  See, e.g.,
Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to
press a frivolous point."); Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise
meritless objections is not ineffective lawyering; it is the very opposite.").

[37] State Rec., Vol. II of XI.  The claim was also raised in petitioner's third post-conviction
application and again found to be defaulted.  However, because essentially the same claim was
raised in the second post-conviction application, and was arguably more properly defaulted for the
reason set forth in the denial of that application, this Court bases its discussion of the procedural bar
on that application.

this claim on post-conviction relief since he had the opportunity to do so on appeal.  State v. Gaines, 97-1327 (La. App. 4 Cir. 9/19/97), 701 So.2d 688."[38]

       Again, the basis of the state court's decision was clearly a state procedural rule independent of the merits of any federal claim and, therefore, meets the "independent" requirement for a procedural bar.  Moreover, petitioner again has made no attempt whatsoever to rebut the presumption that the state procedural rule was "adequate" by meeting his burden to demonstrate that the state did not strictly or regularly follow the procedural rule around the time it was applied.  Stokes v. Anderson, 123 F.3d 858, 860 (5th Cir. 1997).  Therefore, as previously noted, "federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."  Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999).

       As to the "cause" requirement, the Court notes that petitioner argues that both his trial and appellate counsel were ineffective in failing to raise the jurisdictional issue.  The Court further notes that  ineffective assistance of counsel can, in some instances, constitute cause for a procedural default.  See Romero v. Collins, 961 F.2d 1181, 1183 (5th Cir. 1992).  However, a *procedurally*

---

[38]  State Rec., Vol. II of XI, Order dated January 29, 2003. The Louisiana Fifth Circuit Court of Appeal then found "no error" in that ruling.  State *ex rel.* LeBlanc v. Cain, 03-KH-293 (La. App. 5th Cir. Mar. 12, 2003) (unpublished); State Rec., Vol. II of XI.  The Louisiana Supreme Court denied a related writ application without assigning reasons.  State *ex rel.* LeBlanc v. State, 867 So.2d 684 (La. 2004) (No. 2003-KH-0960); State Rec., Vol. II of XI.

    This Court notes that, in this instance, the trial court did not issue an order directing petitioner to state his reasons for his default under La.C.Crim.P. art. 930.4(F).  However, because petitioner used the state's uniform application for post-conviction relief, the trial court was not required to do so.  State *ex rel.* Rice v. State, 749 So.2d 650 (La. 1999) ("Proper use of the Uniform Application thus satisfies the requirements of La.C.Crim.P. 930.4(F) without the need for further filings, formal proceedings, or a hearing.").

*defaulted* ineffective assistance of counsel claim may not serve as "cause" for a procedurally barred claim unless plaintiff shows "cause and prejudice" for the defaulted ineffective assistance of counsel claim.  See Edwards v. Carpenter, 529 U.S. 446, 453 (2000).  As noted previously in this opinion, petitioner failed to make that showing with respect to his defaulted ineffective assistance of counsel claims.  Therefore, the alleged ineffective assistance cannot be considered "cause" for his defaulted jurisdictional claim.  Because he makes no other argument which could be construed as an attempt to establish "cause" for his default, he has failed to show "cause and prejudice" so as to overcome the procedural bar.[39]

Therefore, again, the procedural bar applies unless petitioner can show that the application of the bar will result in a fundamental miscarriage of justice, i.e. he must "make a persuasive showing that he is actually innocent of the charges against him."  Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001).  As noted previously, considering the overwhelming evidence of petitioner's guilt in this case, the Court finds that petitioner has not made a persuasive showing of actual innocence.  Accordingly, this claim is also procedurally barred in this federal proceeding.

### RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the federal petition for *habeas corpus* relief filed by Fred J. LeBlanc, Jr., be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after

---

[39]   As noted previously, "[a]bsent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice."  Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from

a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en

banc).

New Orleans, Louisiana, this thirtieth day of May, 2006.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**